Commonwealth ex rel. Pagel *v.* Pagel, Appellant.

Argued September 28, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER and WRIGHT, JJ.

*Edward I. Weisburg,* for appellant.

*Edward M. David,* with him *Saul, Ewing, Remick & Saul,* for appellee.

*Samuel Dash,* Assistant District Attorney, *Michael von Moschzisker,* First Assistant District Attorney and

*Richardson Dilworth,* District Attorney, for Common-wealth.

OPINION BY GUNTHER, J., November 11, 1953:

The only question raised in this support proceeding is that of the amount the appellant should pay for the support of his four year old child. The parties are divorced and the child lives with the mother. The court below entered an order of $25 per week against the husband, from which he has appealed.

Appellant is employed by the Philadelphia Electric Company at a gross wage of $90.80 per week, and with a take-home pay of $71 or $72 per week. The mother is also employed with a net earning of approximately $42 per week. There is some dispute as to the basic expenses of appellant, but we do not believe it is necessary to consider that issue.

The child suffers from several serious physical defects which have and will require not inconsiderable medical treatments, possibly including operations. The mother alone testified as to the need for future medical and surgical treatment but only in a most general fashion. No medical testimony was introduced.

The record clearly indicates that the court below was impelled to enter the order of $25 in order to permit the appellee to accumulate funds for future medical payments. We believe that this was an abuse of discretion resulting in an excessive support order under the circumstances. Although ordinarily we will not interfere with the determination of the court below, if there has been a clear abuse of discretion, it is the duty of the appellate court to enter an order consonant with the evidence. *Com. ex rel. Horner v. Horner,* 168 Pa. Superior Ct. 411, 77 A. 2d 641. To base an order on contingent and unspecific medical requirements of a child is to place a heavy burden

34

of support on this father based on sheer conjecture. The mother testified only that the child will eventually need a hernia operation, a tonsillectomy, a heart operation, and probably a facial operation. She did not, however, specify as to the nature thereof, nor the cost or time, nor did a physician so testify. Although the father does not dispute the possible need for future correctional measures, such vague contingencies should not form the basis for an order which is clearly higher than is normal under the circumstances. Further, appellant will remain liable for his son's reasonable surgical expenses in any event, regardless of this support order. The mother did testify as to certain recurring medical expenses, such as orthopedic shoes, trusses, and medicines. Taking these facts into consideration, as well as the income of the parties, and all other relevant circumstances, we feel that a fair order would impose upon the appellant the liability to pay $20 per week.

The order is reversed and the record is remanded with directions to enter an order requiring appellant to pay $20 per week.