Commonwealth ex rel. Olbum *v.* Olbum, Appellant.

Argued November 14, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

reargument refused March 17, 1958.

*William J. Graham*, with him *David Olbum*, for appellant.

*William I. Crosby*, with him *John A. Metz, Jr.*, and *Metz, Cook, Hanna & Kelly*, for appellee.

OPINION BY HIRT, J., January 21, 1958:

This is the defendant's appeal from an order of the lower court requiring him to pay $250 per month for the support of his son now eleven years old.

The parties were married in 1935; they were divorced in April, 1956, on a charge of indignities at the instance of the husband. On appeal in *Olbum v. Olbum*, 183 Pa. Superior Ct. 5, 128 A. 2d 125, the decree was affirmed. The defendant's net income as returned for Federal Income Tax purposes was $13,195

for the year 1956. There is no evidence of his earnings in any other year. The parties separated in 1950, and prior to the divorce the defendant paid his wife $510 per month for her support and that of the boy. The boy and his mother continued to live in a dwelling in Pittsburgh where the parties had lived before the separation. The defendant, in addition dealt more than fairly with the boy. He bought clothing for him and he paid $300 each season to send the boy to a summer camp. In 1956 he was sent to a camp in the Poconos of a different type at a cost to the defendant of $790. And at the time of the hearing the defendant had also made a deposit on a charge of $750 for a summer camp for the boy for the year 1957. The defendant has been and no doubt will continue to be generous in his relations with his son.

The divorce was a permanent change in the relationship of the parties which reduced the defendant's obligation to the support of his son only. *Com. ex rel. Orlowitz v. Orlowitz,* 172 Pa. Superior Ct. 481, 94 A. 2d 366. The object of a support order such as this is to secure an allowance for the minor child which is reasonable in the light of the father's standard of living and his ability to pay. *Commonwealth ex rel. Mass v. Mass,* 170 Pa. Superior Ct. 545, 87 A. 2d 793. An order of support for a child may be based not only on the actual earnings of the father but on all of his other financial resources as well. *Commonwealth v. Williams,* 178 Pa. Superior Ct. 313, 116 A. 2d 297; *Com. ex rel. Goldenberg v. Goldenberg,* 159 Pa. Superior Ct. 140, 47 A. 2d 532. However, in this case, there is no evidence that the defendant has resources or earning power in addition to that reflected in his actual earnings.

The only real property in which the defendant has an interest is the residence property in Pittsburgh the

title to which, subject to a mortgage, is in the relatrix and the defendant by entireties. Included by the court in the order of $250 per month in this case was an item of $80 per month paid by relatrix on the mortgage. The defendant paid a like amount thus, with his former wife, discharging a total monthly payment of $160 due under the terms of the mortgage. Since the monthly payments by the wife increased her equity in the residence property the court erred in requiring the defendant to supply relatrix with funds with which to reduce the principal obligation of the mortgage. In our view $170 per month is the maximum amount of support which the defendant under all the circumstances may be required to pay.

Order modified by reducing to $170 the amount of the monthly payments required of the defendant for the support of his minor son.