Commonwealth ex rel. Jacobson *v.* Jacobson,
Appellant.

Argued September 8, 1958.   Before RHODES, P. J.,
HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WAT-
KINS, JJ.

*Daniel Marcu,* for appellant.

*Harry W. Steinbrook,* with him *Blanc, Steinberg, Balder & Steinbrook,* for appellee.

OPINION BY GUNTHER, J., November 14, 1958:

These appeals are from the temporary and final order of the court below in support proceedings. For purposes of argument and disposition, these appeals were consolidated by us.

On February 1, 1956, appellant, Dr. Sidney Jacobson, was ordered to pay the sum of $60.00 per week for the support of two minor children, Phyllis and Ingrid. We had occasion to review and sustain that order in *Commonwealth ex rel. Jacobson v. Jacobson,* 181 Pa. Superior Ct. 369, 124 A. 2d 462. Subsequently, on December 11, 1957, the mother, Shirley Jacobson, filed a petition seeking an increase in the support order then in effect. On February 24, 1958, an order was entered temporarily increasing the order of support from $60.00 per week to $100.00 per week for the two children involved, and on June 6, 1958, the order was made final as indicated in the opinion of the court below.

The testimony disclosed that in 1954, the gross earnings of the father was $12,340.00 and that his expenses were $5,575.83, leaving a net income of $6,769.17. On this earning, we sustained an order of $60.00 per week for the support of the two children then and presently involved. Since then, however, the father and his wife adopted a child and, at the time of hearing, the wife was expecting a second child. (This child was born subsequent to the entry of the final order for support.) The testimony further disclosed that in 1957, the gross earning of the father was $17,285.00 which included rentals from a home

held by appellant and his wife as tenants by the entireties. His net income, amounted to $9,437.01 from which the father was obligated to support his wife and adopted child as well as the two children by the previous marriage. He is now responsible for the support of his wife and four children.

We are of the opinion that the order entered by the court below is excessive in view of the record before us and that $70.00 per week for the support of the two children is more reasonable. Even if we add the sum of $1,242.00 depreciation claimed and taken by appellant to his net income, in view of the additional obligation to support two other children, this income cannot support $100.00 per week. In considering the ability of a parent to support his children, not only the net income but also all the attendant circumstances must be considered. *Commonwealth ex rel. Hampton v. DeVeaux*, 183 Pa. Superior Ct. 92, 127 A. 2d 795. The order for support must be fair and not a confiscatory burden upon the parent. Since the purpose of any order for support is the maintenance and welfare of the children involved and not the punishment of the parent, such order should be for an amount justified by his present earning ability, making reasonable allowance for his own living expenses. *Commonwealth ex rel. Yeats v. Yeats*, 168 Pa. Superior Ct. 550, 79 A. 2d 793; *Commonwealth v. Wingert*, 173 Pa. Superior Ct. 613, 98 A. 2d 203.

We are not unmindful of the desire of the mother to keep the children in a private school, to attend summer camp and to house the children in a modern and comfortable apartment house. Nor are we unmindful of the fact that the maternal grandparent has contributed to the maintenance of the children in this station in life. However, the station of life of the children must be determined by the economic condi-

tion of the father and not that of the maternal grandparent.

The order is modified to $70.00 per week from February 24, 1958.