## Commonwealth ex rel. Weisberg *v.* Weisberg, Appellant.

Argued June 17, 1960. Before RHODES, P. J., GUNTHER, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ. (WRIGHT, J., absent).

*Herbert H. Hadra,* with him *Maurice Freedman,* and *Robert H. Arronson,* for appellant.

*Harold Levy,* for appellee.

OPINION BY WATKINS, J., September 16, 1960:

This appeal is from an order of the Municipal Court of Philadelphia, which ordered the appellant, Herbert M. Weisberg, to pay $55 per week toward the support of his two minor children.

Appellant was divorced from Phyllis B. Weisberg, on January 8, 1960. Their two children, Ronald, who is 9 years old, and Debra, who is 7 years old, reside with their mother in the family home which the mother secured as a result of a property settlement entered into at the time of the divorce.

The appellant is employed as a travelling salesman by the Pinol Manufacturing Company, of Philadelphia, a closely held corporation, apparently owned by appellant's relatives. Appellant received during 1959, according to his tax return, $7057.90 before payment of income tax, and a net of approximately $6100. This amount is two thousand dollars less than the net for the previous year because his expenses and bonus were reduced by the company. The reason for this was not explained and the court below indicated a lack of confidence in the testimony of the appellant because of the suspicious circumstances of this drop in his gross earnings.

The children attend religious training school. The daughter also attends ballet school. Special medical treatment is required for the children because of their

allergies. Both were accustomed to attending summer camp. Such was the mode of living when all the parties lived as a family unit, and to which these children were accustomed, at which time the appellant had approximately the same income.

A support order is intended to provide an allowance for the support of a family as is reasonable, considering the property, income, and earning capacity of the husband, and the condition or station in life of the family. *Com. ex rel. Zehring v. Zehring,* 186 Pa. Superior Ct. 393, 142 A. 2d 397 (1958).

The fixing of the amount of a support order is within the discretion of the lower court, and will not be disturbed unless there has been an abuse of this discretion. The order appealed from appears justified by the present earning ability and financial resources of the defendant, and makes reasonable allowance for his own living expenses under present circumstances. *Com ex rel. Jacobson v. Jacobson,* 188 Pa. Superior Ct. 433, 146 A. 2d 91 (1958).

As stated by the court below, the order may require some sacrifice by the defendant, but is not unreasonable or confiscatory.

Order affirmed.