## Commonwealth ex rel. Warner *v.* Warner, Appellant.

Argued December 15, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

*William A. Welsh,* for appellant.

*J. Harold Hughes,* Assistant District Attorney, with him *Ralph B. D'Iorio,* First Assistant District Attorney, and *Jacques H. Fox,* District Attorney, for appellee.

OPINION BY WRIGHT, J., March 22, 1961:

This is an appeal by Miles Warner from an order of the Court of Quarter Sessions of Delaware County requiring him to pay the sum of $80.00 per week, "together with all sums which may be paid or incurred by relator for necessary medical care and attention", for the support of his three minor children, Robert, Sally, and Thomas, aged at the time of hearing, ten, eight, and six years respectively. The children are in the custody of their mother, Isabel Durkee Warner.

The parties were married on September 18, 1948. A final decree in divorce was entered on November 30, 1959. Appellant has since remarried. Appellee resides in the home formerly owned by both parties and retained by appellee as a result of the property settlement. Appellant resides in a new house recently constructed at a total cost of $42,000.00, all but $5,000.00 of which amount was advanced by his father. The $5,-000.00 supplied by appellant was received by him from the property settlement. Appellant is a member of the Philadelphia Bar and holds the position of assistant counsel to the Pennsylvania Public Utility Commission, in which occupation he spends a minimum of three days a week. The remainder of his time is devoted to private practice in the City of Philadelphia, where he has office space with a firm of attorneys, for which he pays a portion of his fees.

Three hearings were held. The first, September 11, 1959, occurred during the pendency of the divorce proceeding. Appellant offered no testimony, and no formal order was entered. Instead, it was agreed that appellant should pay the sum of $75.00 per week. Although the docket entry discloses that this amount was "for support of wife and three children", appellee here asserts that "this is absolutely and undoubtedly incorrect and was for the three children only". It is worthy of note that, in the colloquy preceding this agreement, the hearing judge commented on the amount in the following language: "And I am saying that to get over the hump of the divorce I am making it a little high, I will have to admit. Under ordinary circumstances I wouldn't make it $75.00 for three children under these circumstances".

A second hearing was held on January 29, 1960. At that time appellee testified that she needed $75.00 a week to support the children. Appellant testified that the "greater part by far" of his income was earned in

his position as assistant counsel to the Public Utility Commission, and that his gross income from private law practice in 1959 was $2,000.00. In connection with appellee's request for $75.00 per week, the hearing judge stated: "I would say right now that $75.00 a week based on this man's earning ability is too much for three children". And later: "I know, but this man is not a millionaire, he does not have a practice or a position in life that puts him in that bracket". Again, no formal order was entered, but the amount of support was fixed at $60.00 a week.

The third hearing, which resulted in the order from which the instant appeal has been taken, was held on October 7, 1960. At that time appellee testified that she needed $114.16 a week to maintain the children. Appellant testified that his gross annual salary from the Public Utility Commission was $8,166.00 with an approximate net of $6,000.00, and that his income from private law practice during the preceding nine months was $1,200.00. The hearing judge calculated that appellant's income amounted to $160.00 net per week, and made an order for one-half of that sum, or $80.00, plus medical expenses.

Appellant contends that the amount of the order is excessive, that it is not justified by his income or earning capacity, and that the court below erred in increasing the amount of support from $60.00 to $80.00 a week, plus medical expenses. It is argued that the order was predicated "on defendant's unrealized earnings potential", and that it "bears no reasonable relationship to defendant's ability to pay".

The lower court, in the opinion filed following this appeal, makes the following statement: "There are in this case a number of imponderables which cannot help but influence the hearing judge in his endeavor to make a just and proper decision in the present case. First, it seems probable that the defendant has endeavored to

keep sub rosa his real potential earning capacity . . . Second, shortly after the divorce, obtained by his first wife, he remarries and assumes the responsibility of a second marriage with all of the implications relating to it; and Third, he builds a house, almost a mansion, to which he brings or is about to bring his new bride... The duty of this defendant is first of all to his three children and their welfare must be paramount in the mind of the court. The maintenance of a second marriage and the upkeep of a large house certainly is of secondary consideration".

It is of course true that the primary duty of support rests upon the father of a child, and that his obligation is not abrogated by divorce: *Commonwealth ex rel. Heller v. Yellin*, 174 Pa. Superior Ct. 292, 101 A. 2d 452. However, the amount of an order for support must be fair and not confiscatory, since its purpose is the welfare of the children and not punishment of the father: *Commonwealth ex rel. Edelman v. Edelman*, 193 Pa. Superior Ct. 570, 165 A. 2d 92. It is intended to provide such allowance for support as is reasonable, considering the property, income and earning capacity of the father, and the condition and station in life of the family: *Commonwealth ex rel. Weisberg v. Weisberg*, 193 Pa. Superior Ct. 204, 164 A. 2d 54. In nonsupport cases the duty of the appellate court is to determine whether there is evidence to support the order of the hearing judge: *Commonwealth v. McAline*, 193 Pa. Superior Ct. 27, 163 A. 2d 711. Our examination of the instant record does not disclose such evidence.

According to the testimony of the appellant, which was not contradicted, his gross income consists of a salary of $8,166.00 a year, plus $2,000.00 earnings from private practice, or a total of $10,166.00. The hearing judge properly deducted from this amount the sum of $2,166.00 for unreimbursed expenses and taxes in connection with appellant's work for the Public Utility

Commission. Appellant should have been credited with a further deduction of approximately $400.00 representing income tax on his earnings from private practice. This leaves a net income of $7,600.00. There is no evidence that appellant "has resources or earning power in addition to that reflected in his actual earnings": *Commonwealth ex rel. Olbum v. Olbum,* 185 Pa. Superior Ct. 574, 139 A. 2d 141.

We are of the opinion that the court below went astray in interpreting the rule frequently announced by this court that a hearing judge is not always restricted to the father's actual earnings, especially where there may be some question as to good faith. See *Commonwealth ex rel. Spielvogel v. Spielvogel,* 181 Pa. Superior Ct. 61, 121 A. 2d 886; *Commonwealth ex rel. Kreiner v. Scheidt,* 183 Pa. Superior Ct. 277, 131 A. 2d 147; *Commonwealth ex rel. Hoffman v. Hoffman,* 184 Pa. Superior Ct. 500, 135 A. 2d 822. An examination of the cited cases reveals in each an element of bad faith, or wilful failure to disclose actual earnings and resources. In many instances a subterfuge is resorted to in order to present a misleading picture of actual earning power. We are often presented with the picture of an able bodied and capable defendant purportedly employed by a closely held family business at a salary absurdly low and is no way commensurate with his ability. See *Commonwealth ex rel. Litz v. Litz,* 190 Pa. Superior Ct. 310, 154 A. 2d 420; *Commonwealth ex rel. Weisberg v. Weisberg,* supra, 193 Pa. Superior Ct. 204, 164 A. 2d 54. A flagrant example was before us in *Commonwealth ex rel. Kane v. Kane,* 193 Pa. Superior Ct. 98, 163 A. 2d 925, wherein we quoted with approval the following comment of the hearing judge: "Appellant does not rate high on the scale of credibility. It is apparent that he has used his brothers as well as his friends, to conceal his real earning power and his assets". The case at bar is entirely devoid of

any such feature. On the contrary, there is nothing to indicate that appellant did not make a full and truthful disclosure of his earnings and his assets. The court below was apparently motivated by the feeling that, if appellant moved from Philadelphia to Delaware County, "he would make $10,000.00 a year within two or three years, in addition to his salary from Harrisburg". This is pure conjecture without any support whatever in the record.

The court below also commented on appellant's remarriage and the construction of an expensive home. However, the undisputed testimony shows that this dwelling was financed by appellant's father. If appellant feels that he can support a second wife on what remains of his income after the payment of a fair and just support order for his children, that is his own concern. Incidentally, appellant's present wife intends to continue her employment, "so that we can make ends meet". Since we feel that the order entered below, exceeding one-half of appellant's proven earnings, imposed an unreasonable burden, we must reduce it to an amount more in keeping with appellant's income. We have concluded that a proper order to provide for the children, without penalizing the appellant, is $65.00 per week. Cf. *Commonwealth ex rel. Bush v. Bush,* 170 Pa. Superior Ct. 382, 86 A. 2d 62; *Commonwealth ex rel. Jacobson v. Jacobson,* 188 Pa. Superior Ct. 433, 146 A. 2d 91. This modification is, of course, without prejudice to a future showing of change in circumstances.

As thus modified, the order of the court below is affirmed.

ERVIN, J., would affirm on the opinion of the court below.