Commonwealth ex rel. Warner *v.* Warner, Appellant.

Argued March 28, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Harris J. Latta, Jr.,* for appellant.

*J. Harold Hughes,* Assistant District Attorney, with him *Ralph B. D'Iorio,* First Assistant District Attorney, and *Jacques H. Fox,* District Attorney, for appellee.

OPINION BY ERVIN, J., June 13, 1962:

The appeal filed to No. 441 October Term, 1961 raises the sole question of whether a defendant father in a support proceedings for three minor children is entitled to his appeal costs where the Superior Court reduced the amount of the order.

On October 7, 1960 the Court of Quarter Sessions of Delaware County ordered the appellant to pay $80.00 per week "together with all sums which may be paid or incurred by the relator for necessary medical care and attention" for the support of his three minor children. The appellant appealed to this Court and in *Com. ex rel. Warner v. Warner,* 194 Pa. Superior Ct. 496, 168 A. 2d 755, the order was reduced to $65.00 per week and affirmed as reduced.

On March 23, 1961 the appellant filed a bill of costs in the sum of $687.31 on account of his appeal. The Commonwealth filed exceptions and the Clerk of the Court refused to tax the costs. On October 25, 1961 the lower court sustained the exceptions and af-

firmed the Clerk of Court's refusal to tax costs. The defendant appealed.

Two statutes control the question of costs in the present situation. The first of these is the Act of May 19, 1897, P. L. 67, 12 PS §1160, which provides: "The costs in any appealed cause . . . shall be paid by the party finally losing the cause. . . ."

The other is the Act of April 15, 1907, P. L. 83, §1, as amended by the Act of April 27, 1909, P. L. 263, §1, 12 PS §1193, providing: "In all cases . . . wherein an appeal is taken from any judgment . . . the party in whose favor the final decision is rendered shall be entitled to charge, and collect from the losing party as part of the costs, such amount as shall have been expended for printing paperbooks upon said appeal. The cost of printing the paperbook of each party shall be taxed as costs, collectible by the attorney of record of such party in such appeal."

The question now to be decided is whether this Court's decision at 194 Pa. Superior Ct. 496 resulted in a "party finally losing the cause" under the Act of 1897, as amended, and in the rendering of a "final decision" in favor of the appellant under the Act of 1907, as amended.

The reasoning of the court below is that there has been no "final decision" in the appellate court in favor of the appellant, because "the state of the record" shows an order for support still outstanding.

Appellant relies heavily upon *Yount v. Whisner*, 170 Pa. Superior Ct. 182, 85 A. 2d 890. This was a per curiam opinion in which we affirmed the order of the court below upon the opinion of President Judge GRAFF. The actions in this case were cross suits in trespass. The verdict was for defendant in the sum of $2,000.00. A new trial was directed and the Superior Court affirmed. At the second trial the verdict was for the defendant but he received no damages on his

cross suit. It was held that the final decision was against the defendant who was unsuccessful in sustaining his verdict.

In *Matthews v. Tyrone Coal Co.*, 74 Pa. Superior Ct. 588, plaintiff recovered a judgment and, being dissatisfied with the court's ruling on the measure of damages, took an appeal and the Supreme Court affirmed the court below. It was there decided that the losing party was the plaintiff and, as such, he was liable for the costs of the appeal.

In *Penna. Co. v. Wallace*, 44 Pa. Superior Ct. 64, a judgment was obtained by a plaintiff. Defendant appealed and a new trial was awarded. On the second trial a judgment was again rendered in favor of the plaintiff and this judgment was affirmed on appeal. It was held that the defendant was not entitled to recover the cost of printing his paperbooks on the first appeal. The Supreme Court did not render a final decision on the first appeal. The final decision was rendered by the Supreme Court on the second or last appeal. The words quoted from the statutes refer to that conclusion of the law upon the facts found or admitted which ends the litigation, as distinguished from an interlocutory judgment given in the progress of a cause upon some plea, proceeding or default which is only intermediate and does not finally determine or complete the suit. To the same effect see *Cameron v. Paul*, 11 Pa. 277.

In *Knoller v. Everett Realty Co.*, 65 Pa. Superior Ct. 169, the judgment was reduced by the appellate court but it was held that the final decision was not in favor of the appellant and that the appeal costs should be paid by the appellant, who was the losing party. Judge TREXLER, in commenting upon the Act of 1907, says: "That act provides that in all appeals to the appellate courts the party in whose favor the final decision is rendered shall be entitled to charge and collect from the losing party as part of the costs

such amounts as shall have been expended for printing paper book upon said appeal. This does not mean the party who is the victor in the particular question raised on the appeal. It is he who gets the final decision in his favor."

In *Henning v. Keiper,* 43 Pa. Superior Ct. 177, wherein trespass treble damages were recovered in the court below and upon appeal the judgment was reversed and the record remanded with instructions to enter judgment for the actual damages as found by the jury, the appellant, who on the appeal sustained his claim that plaintiff was only entitled to single damages, was not allowed to recover the cost of his paperbook. In that opinion President Judge RICE stated: "The result was a judgment in favor of the appellee, but for a less amount than he had recovered in the court below. Apart from any equitable considerations we think the court was right in holding that the final decision was not rendered in favor of the appellant, within the meaning of the Act of 1907; and it is only the party in whose favor the final decision is rendered that is entitled to charge and collect as part of the costs the amount that shall have been expended for printing his paper-books. Notwithstanding the fact that the defendant succeeded in reducing the amount of the judgment, he was, nevertheless, the losing party, just as the defendant on an appeal from a judgment of a justice of the peace is the 'unsuccessful party' if judgment be obtained against him in the common pleas, though for a less amount."

In *Penna. Co. v. Wallace,* supra, Judge ORLADY states: "The words . . . 'final decision' in the Act of 1907, refer to the state of the record of the court in which the case is tried, which puts an end to the action; when no further question is reserved for future determination except as may be necessary to carry the final judgment into effect. As a general rule a judg-

ment is not considered a final one which settles only a part of several issues of fact: . . . ."

In *Tressler v. Emerick,* 84 Pa. Superior Ct. 461, the plaintiff entered judgment upon a note. The defendant opened the judgment and the plaintiff lost the appeal. The verdict was again for the plaintiff for the whole claim and the plaintiff's taxing of the costs was approved upon the theory that the plaintiff was the party in whose favor the final decision was rendered and was entitled to costs.

At the time the first appeal was taken in this case the appellee had an order of support for three children in the sum of $80.00 per week against the appellant. When we reduced that order to $65.00 per week we did not take this judgment or order of support away from the appellee but simply modified it by reducing its amount and affirmed it as reduced. The situation of the parties was precisely the same as though the order had been from the very beginning for this reduced sum. By the appeal the appellee was required to defend the order. This the appellee succeeded in doing although for a reduced amount. The appellee has the final decision terminating this litigation and is therefore entitled to costs.

It would place a great burden upon the county if it were required to pay the costs of appeal in every support order case where the appellate court merely reduced the amount of the order. After all, the Commonwealth is merely making the defendant do that which he ought to do without compulsion. If he had supported his children in the first instance none of these costs would have been incurred. Equitably, therefore, he alone is responsible for the costs he had to pay.

The order of October 25, 1961 of the court below sustaining the exceptions of the Commonwealth to the

bill of costs submitted by defendant and the refusal of the clerk to tax said bill of costs in favor of defendant, is affirmed.

Appeal No. 442 October Term, 1961, raises the question of whether the court of quarter sessions had authority to order the appellant to pay a sum for the support of his three minor children "together with all sums which may be paid or incurred by relator for necessary medical care and attention. . . ." The Act of June 24, 1939, P. L. 872, §733, 18 PS §4733, as amended, provides: "The said court . . . may order the person against whom complaint has been made or petition filed, being of sufficient ability, to pay such sum as said court shall think reasonable and proper for the comfortable support and maintenance of the said . . . children."

The appellant argues that the court below had no authority to order him to pay for necessary medical care for his children because the Act of 1939 mentions the word "sum." He argues that the word "sum" means a liquidated amount of money and that therefore the court had no authority to make the order for payment of medical expenses. We could conclude this part of the opinion at this point by merely deciding that this question was ruled adversely to the appellant in his first appeal. In that appeal he had argued, inter alia, that the portion of the order providing for payment of medical expenses was improper. In that case we said that the order should be reduced from $80.00 a week to $65.00 a week and then provided: "As thus modified, the order of the court below is affirmed." It was our intention in that order to adversely rule on this present question. The appellant is now actually appealing from the original order of October 7, 1960 and the question is res judicata. See Com. ex rel. DeShields v. DeShields, 173 Pa. Superior Ct. 233, 98 A. 2d 390. A petition for a rehearing does not extend the time for

taking an appeal: *Com. ex rel. Arbitman v. Arbitman,* 161 Pa. Superior Ct. 529, 533, 55 A. 2d 586.

Because of the great importance of this question and because it seems to be a question of first impression we will rule on the merits.

We do not believe that the legislature, by the use of the word "sum" in the Act of 1939, ever intended to shackle the courts so that an order for necessary medical care for children could not be made. It certainly cannot be argued that medical care is not a necessity nor can it be argued that it is not a very important part of "support and maintenance" of children. Undoubtedly the parent has the obligation to pay for medical care outside of any order of support. See *Com. ex rel. Pagel v. Pagel,* 175 Pa. Superior Ct. 32, 34, 100 A. 2d 117. The mere fact that such sums cannot be liquidated in advance should not prevent such an order. It would be improper to compel the father to pay for medical expenses in advance because the amount required could not be measured with any degree of certainty. Furthermore, it might never be necessary to use the money for this purpose.

This order will make it unnecessary for the mother to obtain the consent of the father as a condition precedent to obtaining necessary medical care for the children. If the mother were obliged to secure the consent of the father before obtaining necessary medical care it might well result in death or very serious consequences for the children.

In *Com. v. Doughty,* 187 Pa. Superior Ct. 499, 144 A. 2d 521, in answer to the appellant's contention that the order of support was indefinite and not sufficiently clear to allow compliance, the lower court said: "This order shall remain in effect in said amount as long as the wife and son occupy the Creamery home, and the defendant pay the carrying charges as he is now do-

ing. . . ." The carrying charges included mortgage, taxes and insurance. See also *Com. ex rel. Zehring v. Zehring,* 186 Pa. Superior Ct. 393, 142 A. 2d 397; *Com. ex rel. Voltz v. Voltz,* 168 Pa. Superior Ct. 51, 76 A. 2d 464; *Com. ex rel. Stomel v. Stomel,* 180 Pa. Superior Ct. 573, 119 A. 2d 597.

The order in its present form might very well benefit the appellant. If medical expenses are not required he will be obliged to pay nothing. If medical expenses are required he will be obliged to pay only after the services have been rendered and the cost of the same is definitely ascertained. We are advised that in Delaware County there are approximately 3,000 orders in effect at the present time providing for the payment of necessary medical care and attention and that for approximately 25 years it has been the practice in this county to make such a provision in orders for the support of children. This is the first case coming to our attention in which this practice has been questioned. It is our belief that the question has never arisen before because most fathers would certainly have no objection to paying for necessary medical care for their children.

Appellant also argues that since the liability for future medical expenses is unliquidated and uncertain the court cannot determine whether the father is "of sufficient ability" to pay the amount of the order. There is no express limitation on the amount of an order which may be imposed against a father for the support of his child or children. See *Com. ex rel. Binney v. Binney,* 146 Pa. Superior Ct. 374, 379, 22 A. 2d 598. The father is legally liable for the payment of medical expenses and could be sued directly by a doctor rendering such service. The liability exists even though the claim might be uncollectible. The court is only ordering the defendant to do that which he is already legally obligated to do.

As to the "sufficient ability" of the father to pay in this particular case we need merely refer to the record to see that he had a net income of $7,600.00 per year, which is $146.50 per week. The order at $65.00 per week for three children, plus medical expenses, is certainly not beyond his ability to pay. If at any time in the future the order should prove to be beyond his ability to pay, he could ask the court for relief. Certainly no court would punish him for contempt for failure to perform something beyond his "sufficient ability" to do.

We expressly rule that the court below had the power to make the order of October 7, 1960 ordering the father to pay "all sums which may be paid or incurred by relator for necessary medical care and attention" of his children.

The order of the court below entered September 19, 1961 dismissing appellant's application to revoke that part of the order of October 7, 1960 which included medical payments is affirmed.