Commonwealth ex rel. Moore *v.* Moore, Appellant.

Argued December 17, 1964. Before ERVIN, WRIGHT, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., and WOODSIDE, J., absent).

*Morris Passon,* for appellant.

*Philip Capone,* Assistant District Attorney, with him *Joseph M. Smith,* Assistant District Attorney, *F. Emmett Fitzpatrick, Jr.,* First Assistant District Attorney, and *James C. Crumlish, Jr.,* District Attorney, for appellee.

OPINION BY ERVIN, P. J., March 18, 1965:

On September 25, 1963 the court below, after hearing, entered an order for support against the defendant-husband, in favor of the wife, in the amount of $28.00 per week. At that hearing the defendant was not represented by counsel. Subsequently, on December 27, 1963, the defendant was brought before the court for failure to comply with the order. At this hearing the defendant had counsel and was granted a continuance so the defendant could file a petition

for a rehearing and vacation of the support order. A petition for a rehearing and to vacate the order and to remit arrearages was presented and refused without hearing on January 16, 1964. Another attachment issued and on March 4, 1964 the matter was again continued. On April 1, 1964 another petition for rehearing, to vacate the order and to remit the arrearages was filed and heard, together with an attachment for failure to comply with the order. As a result of the hearing the court below allowed the order to remain at $28.00 per week and ordered the defendant to pay $6.00 per week on the arrearages and further ordered: "Those payments will be held in court pending further Order. The reason for my doing that is that this woman under this Order should have a right to know that there is some money for her ready and available when she leaves the hospital. And she can't be expected to leave that hospital in the same dress that she wore when she went into that hospital and have no other clothes and no other place to go. We would then arrange to release it forthwith. But we cannot treat this attachment as something that is merely a continuance. I will require that thirty-four dollars per week be paid into this court, which is six dollars on account of the arrears. And I shall make this determination at this time, in view of the fact that only fifty dollars has been paid according to our records on this Order; if he misses three weeks, he will be committed to the House of Correction for thirty days." On April 7, 1964 an appeal was taken from the aforesaid order.

On May 26, 1964 the appellant filed a petition in the court below to amend the order and vacate arrears. This Court, upon petition, remitted the record to the court below for the purpose of considering the petition to amend the order and vacate arrearages and, after consideration and disposition, to return the same to this Court for final disposition on appeal.

Hearings were held below on August 4, 1964 and August 18, 1964 and the petition to amend and vacate arrearages was dismissed on September 9, 1964. The record has been returned to this Court. Subsequently the appellant was committed to jail for failure to comply with the order and this Court allowed a supersedeas as to the commitment for contempt.

After reviewing the entire record, we find that the defendant and his wife were married in Denton, Maryland, in 1955. They lived together in Dover, Delaware, and separated 21 months before the first hearing in September 1963. One child, a son, was born to the marriage and the child resides with the husband. The defendant is employed by the Army Engineer Corps, Philadelphia District, and has a gross pay of $8,500.00 per year. He is apparently a graduate of Hampton Institute in architectural engineering. The wife is a college graduate. However, she has had a mental problem and was, prior to the first hearing on September 25, 1963, receiving medical and psychiatric treatment by doctors in and out of the hospital. On September 25, 1963 she was apparently an out-patient. Her needs at that time were not great as she was living with her aunt in Philadelphia. The record is clear that medical, hospital and drug bills were being paid through her husband's insurance. At the time of the hearing to amend the order and remit the arrearages, the testimony is clear that the wife was an in-patient at the Eastern Pennsylvania Psychiatric Institute and her needs were minimal.

Under the particular facts of this case the needs of the wife, which consist mainly of medical and hospitalization expenses, have been supplied through payments pursuant to the terms of an insurance policy of the husband and to a minor degree by some small payments by the husband without the aid of insurance. The need of the wife for money for her own use has

decreased since her confinement as an in-patient on January 16, 1964. Therefore, under the special circumstances of this case the arrearages are vacated and the support order is reduced to $5.00 per week, which shall be paid to the wife through the Probation Department. The money shall not be held by the court or the Probation Office to create a fund for the wife when she ceases to be an in-patient but shall be paid to her for her present needs.

We have affirmed support orders directing the father to pay future medical expenses of his children when those expenses are incurred: *Com. ex rel. Warner v. Warner,* 194 Pa. Superior Ct. 496, 168 A. 2d 755; *Com. ex rel. Warner v. Warner,* 198 Pa. Superior Ct. 124, 130, 133, 181 A. 2d 888. We have refused, however, to affirm an order for a child which the court made higher than normal in order to permit the mother to accumulate funds for the child's future medical expenses: *Com. ex rel. Pagel v. Pagel,* 175 Pa. Superior Ct. 32, 100 A. 2d 117. See also *Com. ex rel. Gutzeit v. Gutzeit,* 200 Pa. Superior Ct. 401, 189 A. 2d 324.

If and when the wife is discharged from the hospital, changed conditions will probably arise, and a review of the order could then be had by the court below.

The order of the court below is affirmed as modified herein.

WRIGHT, J., would affirm the order below on the opinion of Judge PIEKARSKI.