386 A.2d 160

**COMMONWEALTH of Pennsylvania ex rel. Sandra GIAMBER, Appellant at No. 1140,**

**v.**

**Samuel R. GIAMBER, Appellant at No. 1120.**

Superior Court of Pennsylvania.

Submitted Sept. 14, 1977.

Decided April 28, 1978.

112

Gus Milides, Easton, and Thomas C. Kubelius, Bethlehem, for appellant at No. 1120, and appellee at No. 1140.

Dean L. Foote, Allentown, for appellant at No. 1140, and appellee at No. 1120.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PER CURIAM:

These are cross appeals in a proceeding instituted by the wife for the support of herself and one child.

The court found that the wife had failed to present reasonable cause for her voluntary separation and that it was willful, malicious and without encouragement. Based on this finding it denied support to the wife but directed the husband to pay to her $400 to be placed in escrow in an interest bearing account on behalf of the child.

The wife appealed contending that the lower court abused its discretion in denying support for her but agreeing that the order made for the child was proper.

The husband appealed, contending that the lower court abused its discretion in ordering that $100.00 per week be placed in escrow for the child's benefit, and in ordering him to pay an additional $300.00 plus school expenses for the child's support, which he claims is excessive, " .  .  . taking into consideration the earning capacity of Mrs. Giamber."

*Husband's Appeal*

Since support orders are for the purpose of providing for present needs and orders providing for the accumulation of funds for future needs are not proper, *Commonwealth ex rel. Pagel v. Pagel*, 175 Pa.Super. 32, 100 A.2d 117 (1953); *Commonwealth ex rel. Gutzeit v. Gutzeit*, 200 Pa.Super. 401, 189 A.2d 324 (1963), that part of the order in this case providing for the investment of $100.00 per week must

be stricken. Future needs are proper items justifying a change in an order, as a change in circumstances, when they occur.[1]

There is no question raised by the husband that his income from his profession as a M. D. cardiologist and his considerable income from investments is not sufficient to justify the order. His main complaint is that he should not pay the entire amount required by his daughter, a girl, 14 years of age who attends Moravian School, but that his wife should pay part of it, since her separate earnings, earning capacity and employability should be considered, *citing Commonwealth ex rel. Travitzky v. Travitzky*, 230 Pa.Super. 435, 326 A.2d 883 (1973); *Conway v. Dana*, 456 Pa. 536, 318 A.2d 324 (1974).

■ As a general proposition, the husband's arguments are supported by the cases he cites. However, the wife at the time of the hearing was not employed and had no separate income. She is employable having worked several years as a receptionist, secretary, and nurse in her husband's office. However, to compel her to seek employment would require her to forego further education which she is now involved in, and which she needs to gain better employment in the field of community counseling. The fact that the court did not consider that she and her daughter live in a condominium apartment which she bought from funds diverted from a joint account is not error in that no order was granted for the wife.

■ Finally the husband argues that the sum awarded is more than is necessary to cover his daughter's present needs. However, aside from his bare statement to this effect there is no evidence to prove it. According to the records the needs of the daughter were worked out at a special conference conducted by the court's probation department and apparently agreed to by both counsel.

1. This conclusion is not contrary to that reached in *Commonwealth ex rel. Goichman v. Goichman*, 226 Pa.Super. 311, 316 A.2d 653 (1973) and *Doelp v. Doelp*, 219 Pa.Super. 420, 281 A.2d 721 (1971) cited by the wife. Those cases concerned trust funds created voluntarily prior to the support proceedings.

In conclusion we find no merit in the husband's argument that the allowance of $300.00 per week and school expenses for the child was an abuse of discretion.

## Wife's Appeal

■ The parties were married in 1961 when they were in college and both 18 years of age. He was then a pre-med student and continued his education in medical school graduating about 1966. Since then he has become an outstanding cardiologist and the head of that department at St. Luke's Hospital in Bethlehem, Pennsylvania. The wife completed her education and is now engaged in graduate work. The couple prospered to the extent that in the years immediately preceding the hearing in this matter their joint adjusted income was $224,241.00. The wife worked in his office and handled all banking matters. They purchased a home for $85,000.00 and accumulated other assets in a substantial amount.

However, the marriage was not a perfect example of serenity. This dissatisfaction resulted in each party consulting marriage counselors and psychiatrists.

Finally, the wife without the knowledge of her husband, diverted fees earned by the husband in the amount of $58,000.00 from the regular depository and purchased a condominium in the name of herself and daughter, and established a separate home there which she furnished with furniture and furnishings removed from their common abode. At the trial she stated their differences were irreconcilable.

The lower court found that her withdrawal from the home which they both occupied was not due to any encouragement or cause given by the husband and that her separation was willful and malicious. The court, therefore, denied support on the authority of *Commonwealth ex rel. Halderman v. Halderman*, 230 Pa.Super. 125, 326 A.2d 908 (1974). We find no error in this finding.

It is therefore, ordered that: The appeal of Sandra Giamber at 1140 is dismissed; and the appeal of Samuel R.

Giamber is sustained in part, as follows. The order is modified to read $300.00 per week plus expenses at Moravian School for the child, and the additional provision for the deposit of $100.00 in escrow for the child is stricken: and as modified that order is affirmed.

SPAETH, J., files a concurring and dissenting opinion.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

SPAETH, Judge, concurring and dissenting:

I join in the majority's opinion except as to the wife's appeal. I think the evidence insufficient to show that she has forfeited her right to support. I should therefore sustain her appeal, and remand for a support hearing, with, however, a qualifying instruction. The husband contends that the wife improperly diverted a considerable amount of his money to her own use. I should instruct the hearing judge that if he found that this did occur, he could in his discretion charge such amount against the support due the wife.