198

418 A.2d 680

COMMONWEALTH of Pennsylvania ex rel.
Marjorie HARGRAVE

v.

Lee E. HARGRAVE, Jr.

**Appeal of Marjorie HARGRAVE.**

Superior Court of Pennsylvania.

Argued Sept. 12, 1979.

Filed Feb. 15, 1980.

Fronefield Crawford, West Chester, for appellant.

Sarah M. Ford, Norristown, for appellee.

Before SPAETH, HESTER and CAVANAUGH, JJ.

PER CURIAM:

This is an appeal from an order of the court below reducing the child support order entered against the appellee, Mr. Lee Hargrave. The appellant, Mrs. Marjorie Hargrave, and Mr. Hargrave were divorced in 1970. They have

four children: Laura, age nineteen, Patricia, age eighteen, Marjorie and Lee Anne, both fourteen. On November 8, 1978, Mr. Hargrave filed a petition for modification of a support order entered against him on July 1, 1976. Mr. Hargrave sought a downward modification based on the change of residency of daughter Lee Anne from Mrs. Hargrave's home to his and increased contributions made toward the college education of Laura and Patricia. Subsequently, the appellant filed a petition for modification and increase of the support order. The increase was sought on the basis of increased expenses and an alleged increase in Mr. Hargrave's earnings and assets. The lower court entered an order reducing the support payments from $145.00 to $90.00 per week. Mrs. Hargrave appeals requesting that the support order of July 1, 1976, in the amount of $145.00 per week be reinstated.

At the time of the July 1, 1976 support order Laura and Patricia were residing with their father, the appellee, for schooling purposes and the two youngest children were residing with Mrs. Hargrave. At that time the court modified a previous support order of $200.00 per week for four children to $145.00 per week for the support of two children and $200.00 per week for those times when all four children are residing with the appellant, Marjorie Hargrave.[1]

Mr. Hargrave, appellee, lives with his present wife and her three children in Maryland in a home they purchased for $138,000 and on which there is a mortgage of $111,000. He is employed by Fairchild Industries at a yearly salary of $55,000. Appellee was previously employed by General Electric Company at approximately the same salary. His net pay is $669.00 per week. The appellee and his present wife

1. The amount of the July 1, 1976 support order seems to be the cause of some confusion. In their petitions to modify the support order both Mr. and Mrs. Hargrave stated that the July 1, 1976 support order was for $145.00 per week and $200.00 for the two week Christmas vacation. However, the support order specifically states that $200.00 per week is to be paid for any period of time that all four daughters are at their mother's home. The support order that is the subject of this appeal does not distinguish those weeks but directs that $90.00 be paid for support of one child.

own two condominiums which are leased to tenants. The lower court found that these properties produce no net income, exclusive of tax benefits. Other assets include appellee's interest in the General Electric retirement fund and stock purchase plan, although these funds are not presently available to him.

As noted above, at the time of the lower court proceedings appellee was paying $145.00 per week in child support. Apart from this amount appellee contributes $9,200.00 per year for the tuition, travel and room expenses of Laura and Patricia. In addition, he pays for the medical and dental care of all four children.

Mrs. Hargrave is employed at the Baldwin School in Bryn Mawr, Pennsylvania. She earns a gross yearly salary of $8,800.00 and an additional $200.00 per year from other part–time jobs. Her weekly take–home pay is $115.00. The home in which she lives is owned by her parents with appellant paying taxes and maintenance thereon. Mrs. Hargrave has savings of $3,000.00 which represents the remainder of approximately $14,000.00 which was her half of the proceeds from the sale of the house in which the Hargraves resided prior to their divorce.

At the present time only Marjorie resides with Mrs. Hargrave. She attends the Baldwin School tuition–free. Lee Anne moved to her father's home in Maryland on September 5, 1978, to attend a local school, but she returns to appellant's home for regular visitation. Although the two older daughters are in college, their permanent residence is with their mother where they spend their vacations. Because of this, Mrs. Hargrave must maintain a home sufficient to accommodate all four children during those times when they are all at home.

Mrs. Hargrave testified that the total cost of child support will be $9,064.00 for the fiscal year 1978–79. This figure was based on the actual expenses for 1977–78. These expenses include two–thirds of the fixed expenses plus clothes, recreation and incidental costs relating to Marjorie's attendance at the Baldwin School. To the total cost of supporting

the children in 1977–78 appellant added a 7% factor for inflation.

■ While an existing support order may be modified by a good faith showing that circumstances existing when the original order was made have materially and substantially changed, *Bell v. Bell*, 228 Pa.Super. 280, 323 A.2d 267 (1974), the burden of proving such a change of conditions is on the party seeking the change, *Com. ex rel. Levy v. Levy*, 240 Pa.Super. 168, 361 A.2d 781 (1976). After considering the evidence relating to the financial situation of both parties, the lower court found that the change of custody of Lee Anne to her father warrants a reduction of the support order. However, appellant argues that the court misconstrued the evidence as to her financial situation. The portion of the opinion with which Mrs. Hargrave takes issue is as follows:

> According to her calculations, the mother's expenses for the two youngest girls, plus some incidental expense when the two oldest girls visited her, totalled $9000 in 1977–1978. *Making adjustments thereon because she no longer has Lee Anne*, and making some allowance for inflation, her expense exclusive of her own care and maintenance are found to be approximately $5,300 per year (emphasis added).

Mrs. Hargrave testified that the total cost of child support[2] did properly reflect the absence of Lee Anne from her household. In view of this Mrs. Hargrave claims that there is no basis for the court's finding her expenses to approximate only $5,300.00.

■ The scope of review in an action for support is whether the lower court has abused its discretion. *Com. ex rel. ReDavid v. ReDavid*, 251 Pa.Super. 103, 380 A.2d 398 (1977); *Bell v. Bell, supra.* In determining a support order the amount should be fair and not punitive or confiscatory. *Com. ex rel. Roviello v. Roviello*, 229 Pa.Super. 428, 323 A.2d 766 (1974). Based on the finding of the court that appel-

---

2. The mother's expenses for 1977–78 totalled $8,471. The estimated expenses for 1978–79 ($8,471 plus 7% inflation factor) were $9,064.

lant's expenses total $5,300, the support order would not be undue hardship for Mrs. Hargrave since her total annual contribution would only amount to $620.00. However, weekly support payments of $90.00 to cover approximately $9,000.00 of expenses would work a substantial financial hardship on appellant. She would in effect be forced to pay $4,320.00 annually or 73% of her weekly take home pay towards the support of her children. Certainly this is an unreasonable burden especially in view of the financial disparity between the parties.

Nevertheless, appellee, Mr. Hargrave, argues that he is entitled to a reduction because of increased expenses relating to the education of Laura and Patricia. As noted above Mr. Hargrave contributes $242.00 on a weekly basis in direct support for education, transportation and medical expenses, plus the $145.00 weekly support payments. This amounts to fifty six percent of his net earnings of $669.00 per week. Appellee claims this is confiscatory and cites *Com. ex rel. Warner v. Warner*, 194 Pa.Super. 496, 168 A.2d 755 (1961), as support for this. In *Warner* this Court found that a support order of $80.00 per week for three children, which amount exceeded one–half of appellant's proven earnings of $7,600.00, imposed an unreasonable burden. Appellant, Mrs. Hargrave, argues that in determining the reasonableness of the support order the Court should have considered the assets of Mr. Hargrave and the tax benefit these assets create. Appellant relies on *Shuster v. Shuster*, 226 Pa.Super. 542, 323 A.2d 760 (1974), where it was held that the lower court abused its discretion in modifying the original order because the court placed too great an emphasis on defendant's earnings and not enough on his assets. It is true that the court has the power to look beyond the actual earnings of the parties to consider "his earning power . . . and the nature and extent of his property and other financial resources . . . ." 226 Pa.Super. at 547, 323 A.2d at 762, quoting *Com. ex rel. Gitman v. Gitman*, 428 Pa. 387, 237 A.2d 181 (1967); *see also Com. ex rel. McNulty v. McNulty*, 226 Pa.Super. 247, 311 A.2d 701 (1973). In the instant case

the lower court did properly consider the assets of Mr. Hargrave (specifically, the condominiums and G.E. retirement and stock purchase plan) and stated that income from these assets is presently unavailable. However, in arriving at the net income figure of $669.00 the court included approximately fifty–eight dollars representing contributions to a savings plan and weekly bond purchases. In terms of possible tax benefit from Mr. Hargrave's assets the record is devoid of evidence of what, if any, benefit was incurred in light of his entire financial situation.

■ In view of the foregoing it is apparent that the prior support order as well as the order appealed from imposes an unreasonable burden on one or the other parties. Although the court below properly reduced the support order, we find that due to a misunderstanding of the evidence the order as modified works an undue hardship on appellant. Therefore, we remand with the instruction that in fixing the amount of support the lower court allow for expenses incurred by Mrs. Hargrave during those times when more than one daughter is residing with her, as was done in the July, 1976 order. In this way the order will be fair and non–confiscatory as to both parties.

■ Finally, appellant argues that the court below erred and abused its discretion in making its order effective as of September 5, 1978, the day on which Lee Anne began residing with appellee, when the petition to reduce was not filed until November 8, 1978. However, a grant of retroactive credit is within the sound discretion of the hearing judge. See Comm. ex rel. Kallen v. Kallen, 202 Pa.Super. 500, 198 A.2d 331 (1964) (retroactive credit denied where father took it upon himself to reduce his payments and delayed filing petition for modification for over two months). Therefore, we will not disturb this determination by the lower court.

Case remanded for proceedings consistent with this opinion.

SPAETH, J., files dissenting statement.

SPAETH, Judge, dissenting:

Although the majority holds that the lower court misunderstood the evidence and thereby abused its discretion by ordering the reduction of appellee's weekly support payment to $90.00, the majority neither states what evidence was misunderstood, nor how the lower court misunderstood that evidence. Upon a review of the record, I do not find an abuse of discretion.