Commonwealth ex rel. Krug, Appellant, *v.* Krug.

*Louis J. Sinatra,* with him *Levy and Levy,* for appellant.

*Richard A. Mitchell,* with him *Cramp, D'Iorio, McConchie and Surrick,* for appellee.

OPINION BY CERCONE, J., March 27, 1973:

This is an appeal from the lower court's holding that relatrix was not entitled to a support order against her husband for the reasons that (a) she had failed to prove adequate legal reason for her withdrawal from the common domicile; and (b) she had failed to establish by competent legal evidence her need for support.

It is our determination, after a study of the evidence, that these two conclusions of the court are not supported by the record or by law. The court did not refuse to believe the wife's testimony but held it was insufficient. The court's opinion was that the wife's testimony regarding defendant's frequent state of intoxication and his abusive degrading conduct while so intoxicated, culminating in a violent argument immediately prior to the wife's withdrawal from the domicile,

"exemplifies the sort of conduct that you might find in most any marriage, even those marriages that are successful." The judge stated: "People do have disagreements with a certain amount of frustration, and perhaps excessive drinking from time to time."

Though each fact situation is unique and calls for its own conclusion, there is nevertheless, sufficient precedent to reveal the error of the court's conclusion in this case. Conduct similar to that testified to by the wife in this case, even if not rising to that degree entitling the wife to a decree of divorce, has been held to entitle the wife to live separate and apart from the husband: *Comm. ex rel. Cellucci v. Cellucci*, 173 Pa. Superior Ct. 1 (1953); *Comm. v. Sgarlat*, 180 Pa. Superior Ct. 638 (1956); *Comm. ex rel. Rovner v. Rovner*, 177 Pa. Superior Ct. 122 (1955); *Comm. ex rel. Ross v. Ross*, 206 Pa. Superior Ct. 429 (1965).

The husband made no denial of the material portions of the wife's testimony and the court placed no reliance on his testimony in making its conclusions. It did choose, instead, to rely on the testimony of the relatrix's son-in-law, who testified in behalf of defendant husband. The lower court states that it found "credible and persuasive" this witness's testimony that both parties liked a cocktail and would occasionally become somewhat inebriated, that relatrix seemed to be the heavier drinker and a good deal less genial in that condition than her husband who would be "jovial".

In view of the fact that the defendant himself did not testify to the same effect as the son-in-law, it was error for the court to base its decision on the testimony of a son-in-law who never resided in the relatrix's household but lived five miles away and saw the parties socially only at varying intervals, sometimes once a week and then not seeing them for months at a time. The son-in-law's testimony was improperly relied upon

as establishing a course of misconduct by relatrix which the husband himself did not substantiate.

The lower court also erred in its conclusion that the wife had failed to establish by competent legal evidence her need for support. The wife gave uncontradicted detailed testimony that her expenses, which she itemized, would be $120.18 weekly including expenses incidental to her maintenance of living quarters after removal from her present temporary accommodations afforded her in a friend's home. These expenses appear to be most reasonable and no evidence was offered to contradict their reasonableness. Since the wife is earning only $70.95 per week and her husband is earning $180.89 per week, it is our determination that a $40.00 weekly support order against the husband should become effective upon the wife's setting up of separate living quarters but that until such removal from her present temporary accommodations the difference of $36.00 between the wife's present room and board expense of $35.00 and the $71.00 of living expenses attributable to separate living quarters should be deducted from this support order.

Order reversed, and case remanded for entry of order consistent with this opinion.

SPAULDING, J., concurs in the result.

WRIGHT, P. J., and JACOBS, J., dissent.