Commonwealth ex rel. Bergwerk, Appellant, *v.* Bergwerk.

Submitted March 20, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Timothy F. Sullivan,* for appellant.

No brief submitted nor appearance entered for appellee.

OPINION BY WATKINS, P. J., June 21, 1974:

This is an appeal by the appellant-wife, Mary Bergwerk, from an order of support entered in the Court of Common Pleas of Delaware County.

The appellant-wife and her appellee-husband, Israel Bergwerk, were married for thirteen years. For nine years the appellee-husband was a member of the Merchant Marines and spent a considerable amount of time away from home. Four years ago, he retired and has been working as a crane operator ever since. It was established in the court below that he earns $212 per week. On July 11, 1973, the appellant decided to leave the common domicile and went to live with her parents in Tennessee taking with her the couple's three daughters, 8, 12 and 13, respectively. The reason she gave for her leaving was that the appellee-husband was critical of her housekeeping, although she admitted that she was friendly with another man, received a gift from him, spoke to him on the telephone and exchanged cards with him on various occasions, as well as visiting him at his home and receiving him at her home.

The court below after reviewing what the court considered inflated living expenses of both, entered an order of Twenty ($20.00) Dollars per week for the thirteen year old, Nineteen ($19.00) Dollars per week for the twelve year old, and Seventeen ($17.00) Dollars a week for the eight year old, or a total of Fifty-six

($56.00) Dollars per week for the three children. It was from this order that this appeal is taken.

The court below properly found that the appellant was not entitled to support since she did not have a reasonable ground for leaving. The appellee-husband has continued to maintain the home which the couple had purchased in their joint names and has stated unequivocably that he would like to have the appellant and the three children back with him. However, the appellant does not appear at the present time to have any intention of returning. The husband has continued to make the mortgage payments on the jointly-owned home.

There is no magic formula in establishing an order for support of children. However, the court takes into consideration the income and earning capacity of the husband and under current case law, also of the wife. Under the circumstances of this case, the court questioned some of the expenses claimed by the appellant because she was living with her parents. He accepted the explanation of the husband as to his expenses of $152.00 per week so that the order entered in this case appears to be reasonable.

It is well established that orders of support from the court below will not be modified on appeal except for manifest abuse of discretion. *Commonwealth ex rel. Raitt v. Raitt,* 203 Pa. Superior Ct. 226, 199 A. 2d 512 (1964). We find that no such abuse exists in this case.

Order affirmed.