487 A.2d 27

**Margaret A. ROACH, Appellant,**

v.

**G. Dale ROACH.**

Superior Court of Pennsylvania.

Argued June 7, 1984.

Filed Jan. 9, 1985.

Petition for Allowance of Appeal Denied July 29, 1985.

Nathan L. Reibman, Easton, for appellant.

Richard J. Shiroff, Easton, for appellee.

Before McEWEN, TAMILIA and CERCONE, JJ.

CERCONE, Judge:

This is a support case in which the court below denied the appellant-wife's claim on the ground that she had commit-

ted adultery. Finding the evidence insufficient to support that conclusion, we reverse.

The record reveals that the parties were married in October of 1961, and cohabited until January of 1980 when appellee-husband left the marital household. On August 31, 1982, appellant petitioned for support and a hearing was held on October 7, 1982. At this first hearing, appellant testified that after appellee left she remained in the home while he paid the bills and gave her $50.00 a week for support. In mid-August of 1982, however, they had a dispute over the disposition of their joint property and appellee reclaimed possession of the marital residence. Appellant testified that she found herself without funds or shelter and, as a result, she moved into the home of a friend, Roger Melgary, whom she intended to pay back when able.

Based on the evidence presented at the hearing of October 7, 1982, the lower court on October 13, 1982, ordered appellee to pay support in the amount of $130.00 per week. Appellee then appealed that order to this court and, in addition, filed a timely motion for reconsideration with the lower court. Appellee's request for reconsideration was granted and a second hearing was scheduled for December 9, 1982.[1]

At the second hearing, appellant was called to testify as of cross-examination regarding her living arrangements with Mr. Melgary. She explained that he is a widower and former neighbor whom she has known for eight years. Appellant testified that while staying at Mr. Melgary's residence she had her own bedroom and bathroom as well as kitchen privileges. Although Mr. Melgary paid all of the household expenses and advanced appellant money for her personal needs, it was understood that when financially able she would reimburse him for her stay. Mrs. Roach acknowledged that she had gone out socially with Mr. Melgary on occasion.

1. Appellee's appeal was rendered inoperative by the order granting reconsideration. Pa.R.A.P. 1701(b)(3).

Appellee's only other witness was a private investigator whose testimony can best be characterized as inconsequential. Based upon brief surveillance of Mr. Melgary's home, he simply confirmed what Mrs. Roach candidly admitted, that she was staying at the home of a male friend.

Based upon the foregoing testimony, the court below held that, contrary to its previous order of October 13, 1982, appellee was not obligated to support his wife. That decision was based on the trial judge's finding that the evidence presented at the second hearing was sufficient to establish the existence of a meretricious relationship. Having thoroughly reviewed the entire record, we find the evidence clearly insufficient to sustain the lower court's finding. Indeed, in our view the purported evidence of infidelity was at best speculative.

■■■■ It is well settled that the obligation of support continues until it is shown that the conduct of the dependent spouse provides a ground for divorce. *Morley v. Morley,* 283 Pa.Super. 397, 424 A.2d 524 (1981); *Hellman v. Hellman,* 246 Pa.Super. 536, 371 A.2d 964 (1977). Moreover, the conduct claimed to nullify the obligation must be proven with clear and convincing evidence. *Commonwealth v. Turner,* 258 Pa.Super. 388, 392 A.2d 848 (1978); *Commonwealth ex rel. Roviello v. Roviello,* 229 Pa.Super. 428, 323 A.2d 766 (1974); *Commonwealth ex rel. McCuff v. McCuff,* 196 Pa.Super. 320, 322, 175 A.2d 124, 125 (1961) ("proof of guilt must be clear and satisfactory"). We do not believe that appellee has met his burden of proof.

We recognize of course that direct evidence of adultery is seldom if ever available. In view of this evidentiary problem, we previously quoted with approval the following passage from Freedman, *Law of Marriage and Divorce in Pennsylvania,* Vol. I, 2d. ed at page 456:

"The difficulty of obtaining direct evidence of adultery and the almost universal resort to circumstantial evidence, has given great importance to the doctrine known as the 'inclination and opportunity rule'. Under this doctrine adultery will be presumed where three elements

are shown: (1) the adulterous disposition or inclination of the defendant; (2) the adulterous disposition, or inclination, of the co-respondent; and (3) the opportunity created to satisfy their mutual adulterous inclination. The three elements must conjoin. Proof of mere opportunity without adulterous disposition, or of adulterous disposition without opportunity, will not be sufficient. But if the criminal passion is found to exist, proof of opportunity which otherwise would scarcely be sufficient to raise a passing cloud of suspicion will possess a most convincing force."

*Commonwealth v. Levitz,* 189 Pa.Super. 438, 444, 150 A.2d 581, 584 (1959).

Instantly, it cannot be disputed that the opportunity to commit adultery existed. However, as noted above, an adulterous inclination or disposition must also be shown. In this regard, the lower court merely states: "The record from the reconsideration hearing, including the observations of [appellee's] investigator, convince us that [appellant's] residency with another individual was not merely a platonic cohabitation. The circumstances indicated that the relationship was indeed more than one of merely landlord and tenant." Lower court opinion at 2. Unfortunately, we are not told exactly what circumstances convinced the trial judge that appellant possessed an adulterous inclination or disposition.[2] And while the factual findings of the judge below are to be accorded great weight, we are not bound by the inferences or deductions made by the hearing judge from those findings. *Commonwealth v. Levitz, supra.* We have carefully reviewed the sparse record in this case, and conclude that appellee's purported proof of adultery fell far short of being clear and convincing. Appellant's testimony that Mr. Melgary was simply a good friend providing assistance during her time of need was uncontroverted. Appellee's investigator merely testified that it appeared that Mrs. Roach was staying overnight at Mr. Melgary's

2. Furthermore, appellee has not filed a brief and has elected to rely on the lower court opinion.

home. We are at a loss to understand how the lower court found on this record that appellant was guilty of adulterous conduct. As we read it, the record in this record in this case supports no more than a suspicion of misconduct and that of course cannot suffice for evidence. *Brower v. Brower*, 157 Pa.Super. 426, 43 A.2d 422 (1945).

Since the evidence was insufficient to prove an adulterous inclination or disposition, the court below abused its discretion in denying appellant's claim for support. *See Morley v. Morley, supra.*

Accordingly, the lower court's order of December 14, 1982, is reversed and the record remanded with instructions to reinstate the order of October 13, 1982, awarding support. Jurisdiction is relinquished.