572 A.2d 18

**Irene M. CLENDENNING, Appellant,**

v.

**Charles Delbert CLENDENNING.**

Superior Court of Pennsylvania.

Submitted Oct. 23, 1989.

Filed March 28, 1990.

34

Wesley F. Hamilton, Zelienople, for appellant.

Nancy T. Blewett, Butler, for appellee.

Before ROWLEY, BECK and TAMILIA, JJ.

BECK, Judge:

Appellant Irene M. Clendenning and appellee Charles D. Clendenning are husband and wife. In the course of their twelve year marriage they have separated three times. The last separation began when wife left the marital residence in October 1988. Immediately after leaving, wife filed a complaint for support in the Court of Common Pleas. The Domestic Relations Hearing Officer who conducted the support conference concluded that husband owed wife a duty of support and recommended that husband be ordered to pay wife $320 a month, plus arrearages. The trial court adopted this recommendation and entered a support order in

the recommended amounts.  Both parties were dissatisfied with this order.  Therefore, both parties timely demanded a de novo hearing before the trial court, as required by Pennsylvania Rule of Civil Procedure 1910.11.

At the hearing, which was conducted on March 14, 1989, both parties testified.  Wife stated that she had left husband because of several longstanding problems between them.  She testified that husband was not satisfied unless she conducted herself completely in accord with his wishes and would become very angry, yelling at her and beating his cane on the table, if she did not do so.  She stated that she was so afraid of him that she locked her bedroom door at night.  There is no evidence that he physically abused her.  Moreover, wife testified that her husband did not approve of her spending time with her relatives, would argue with her when she did and would pursue the argument even after wife attempted to avoid it by going to bed.  Lastly, wife testified that she was dissatisfied with the parties' total lack of any sex life for eleven of the twelve years of their marriage, their lack of any appreciable social life, and the fact that husband controlled all of their financial matters, keeping wife on a very small monthly allowance for her personal needs.

Husband testified that wife had been a good wife, caring for their home and cooking for him.  He denied ever beating his cane on the table, but conceded that he did yell at wife and did not feel that she should spend as much time as she did with her relatives.  He did not deny that he controlled the parties' financial matters or kept wife on a small allowance, but stated that he had provided her with various things she wanted, including a hearing aid and an organ. He blamed their lack of a sex life on his health problems.

Shortly after the hearing, the trial court entered the following final order:

AND NOW, this 17th day of March, 1989, after hearing in the matter and taking into consideration arguments of counsel, the Court finds the petitioner would not be entitled to support from her husband.

The actions which she alleges were of such a nature as to necessitate her removing herself from the marital home, although some of the incidents complained of could well be considered annoying. [sic] The Court did not find that they reached such a degree as to allow her to claim she was forced to remove herself because of his inappropriate conduct.

Wife filed a timely appeal in which she asserts that she has sustained her burden of proving that she had legal reason to leave husband and is, therefore, entitled to support.

We recognize that our review of this order is limited to an inquiry into whether the trial court abused its discretion, and we cannot substitute our judgment for that of the trial court. *Morley v. Morley*, 283 Pa.Super. 397, 424 A.2d 524, 526 (1981). That is not to say, however, that we have no responsibility for insuring the correctness of the result reached. An abuse of discretion has been defined as follows:

> An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overriden or misapplied, or the judgment is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will as shown by the evidence of record, discretion is abused.

*Id.* (quoting *Irwin Borough Annexation Case (No. 1)*, 165 Pa.Super. 119, 133, 67 A.2d 757, 764 (1949)). Although this definition instructs us as to what we should not do, it is equally useful in instructing us as to what we should do. That is, we must ascertain whether the trial court's conclusion is supported by sufficient evidence or whether the law has been overriden or misapplied. *Id.*

The standard by which a petition for spousal support must be judged is well established.

> ... the law of the Commonwealth imposes upon a spouse seeking support, the burden to show by sufficient evidence an adequate legal cause for leaving: *Commonwealth ex rel. Halderman v. Halderman*, 230 Pa.Super. 125, 326 A.2d 908 (1974); *Commonwealth ex rel. Fried-*

*man v. Friedman,* 223 Pa.Super. 66, 297 A.2d 158 (1972); *Commonwealth ex rel. Young v. Young,* 207 Pa.Super. 440, 217 A.2d 857 (1966); *Commonwealth ex rel. Shapiro v. Shapiro,* 204 Pa.Super. 135, 203 A.2d 369 (1964); *Commonwealth ex rel. DiPietro v. DiPietro,* 175 Pa.Super. 18, 102 A.2d 192 (1954).

*Morley* 283 Pa.Super. at 401, 424 A.2d at 526. *See also Rock v. Rock,* 385 Pa.Super. 126, 560 A.2d 199, 201 (1989) (departing spouse must justify departure, but need not establish facts entitling her to divorce); *Roach v. Roach,* 337 Pa.Super. 440, 487 A.2d 27, 28 (1985); *Commonwealth ex rel. Halderman v. Halderman,* 230 Pa.Super. 125, 128–9, 326 A.2d 908, 911 (1974) ("a wife's failure to live with the husband does not justify the husband's refusal to support the wife unless the separation is willful and malicious and without consent or encouragement.")

Whether a spouse has sustained the burden of showing adequate legal cause depends heavily on the facts of the particular case, since the phrase "legal cause" is general at best. However, as we recently stated in *Rock, supra,* "[a]lthough this issue must be reviewed on a case-by-case basis, precedent is nevertheless helpful." *Rock v. Rock,* 385 Pa.Super. at 130, 560 A.2d at 201. It is helpful because it allows us to discern more precisely how the law has defined "legal cause".

A review of this precedent demonstrates that here wife sustained her burden of showing legal cause by proving through her own uncontradicted testimony, apparently accepted as true by the trial court, that her life with her husband had been a very unhappy one for many years because of the restraints husband placed on her and his reaction when she attempted to free herself from those restraints. Given the evidence in this record, we find a clear analogy to the case of *Commonwealth ex rel. Ross v. Ross,* 206 Pa.Super. 429, 213 A.2d 135 (1965), where this court found a duty of support because husband would curse wife and argue with her constantly and, if she tried to avoid the argument by going to bed, would attempt to pull her

out of bed to continue the argument. We also find the more recent decision in *Roach v. Roach, supra,* pertinent. In *Roach,* a panel of this court affirmed a trial court finding of a duty of support where wife left the marital home because of husband's frightening and erratic behavior when he was drinking, despite the admittedly general nature of wife's testimony regarding husband's behavior. *See also Commonwealth ex rel. Cooper v. Cooper,* 183 Pa.Super. 36, 128 A.2d 181 (1956) (husband's excessive control over wife, including refusing to allow her relatives in the house and controlling all financial matters, and his otherwise annoying conduct provided her with legal cause to leave; support ordered); *Commonwealth ex rel. Rovner v. Rovner,* 177 Pa.Super. 122, 111 A.2d 160 (1955) (husband's erratic behavior and constant arguing with wife provided her with legal cause to leave; support ordered).

In contrast, we find that those cases where support has been denied arose from factual patterns not at all like that presented by the evidence in this case. For example, support was denied in *Commonwealth ex rel. Brown v. Brown,* 195 Pa.Super. 324, 171 A.2d 833 (1961), where wife's reason for leaving consisted merely in general complaints about how much money husband gave her or spent on her, despite the fact that she worked and did not contribute the money she earned to household expenses. Equally distinguishable is *Commonwealth ex rel. Lipschultz v. Lipschultz,* 179 Pa.Super. 527, 117 A.2d 793 (1955), on which the trial court herein relied. In *Lipschultz,* wife was denied support when her only expressed reason for leaving her husband after only a year and a half of marriage was that he generally made her life unbearable. The trial court found that wife was simply the spoiled child of wealthy parents, and this court agreed.

As the case law demonstrates the phrase adequate legal cause for leaving is not subject to exact definition. It must be interpreted based on the facts of each case. A spouse who over a period of time suffers psychological oppression may be harmed as much as a spouse who suffers

physical injury. The law must recognize this harm and not force the oppressed spouse to remain in the unhappy environment in order to be entitled to support. On the other hand, the law should not impose on a spouse the duty of support where his or her mate departs the marital residence maliciously or casually on whim or caprice.

In the case before us, by husband's own admission, wife was a "good wife" who fulfilled the responsibilities husband assigned to her throughout their twelve year marriage. On the other hand, wife testified that she was frightened of her husband, was plagued by his insistence that she spend her time with him, despite the severe limitations his physical ailments placed on him, and that he otherwise controlled her life or made her suffer for not doing as he wished. Wife did not leave husband maliciously or casually on whim or caprice, but rather because her marriage had for a long time been a source of justifiable unhappiness to her and was not improving. Under these circumstances, we find, as did the domestic relations hearing officer who first heard the testimony in this case, that husband owes a duty of support to wife.

The order of the trial court is reversed and the case is remanded for a determination of the amount of support, including arrearages, to be paid. Jurisdiction relinquished.