592 A.2d 339

**Rosella MYERS, Appellee,**

v.

**Robert MYERS, Appellant.**

Superior Court of Pennsylvania.

Argued April 10, 1991.

Filed June 10, 1991.

Neil J. Marcus, Monongahela, for appellant.

Elena D. Bender, Charleroi, for appellee.

Before WIEAND, DEL SOLE and HOFFMAN, JJ.

WIEAND, Judge:

The principal issue in this support action is whether the wife, who voluntarily left the marital home without her husband's consent, had adequate legal reason for doing so. A second issue requires that we review the record to determine whether it supports the amount of support fixed by the court.

Robert Myers and Rosella Myers were married on August 6, 1983. Each had been married before. On October 4, 1988, Rosella left the common home in Washington County and moved to State College, in Centre County, where she took up residence with a daughter. The move was accomplished surreptitiously and was without Robert's prior knowledge or consent. When she moved, Rosella took some but not all the furniture from the marital home. She also quit her job in Washington County and, at the time of hearing, was unemployed. She filed a complaint for support in Centre County, which was referred to Washington County for hearing and the entry of an order. The court in Washington County entered an order directing Robert to pay to and for the support of his wife the sum of six hundred ($600) dollars per month, plus one hundred ($100) dollars per month on account of arrearages. Robert appealed.

■ Contrary to an argument advanced by appellee, the appeal is proper. The spousal support order was entered in a support proceeding instituted by complaint filed separately from Rosella's divorce action. This order is a final determination of the action for support and is appealable. See: *Ritter v. Ritter*, 359 Pa.Super. 12, 16 n. 2, 518 A.2d 319, 321 n. 2 (1986).

■ Our scope of review is limited. In *Rock v. Rock*, 385 Pa.Super. 126, 560 A.2d 199 (1989), the Court said:

This Court may reverse a support order only if it finds that the order cannot be sustained on any valid ground. *Shovlin v. Shovlin*, 318 Pa.Super. 516, 465 A.2d 673 (1983). As such, absent an abuse of discretion or [in]sufficient evidence to sustain the support order, this Court will not interfere with the broad discretion afforded the trial court. *Boni v. Boni*, 302 Pa.Super. 102, 448 A.2d 547 (1982). Further, the assessment of the credibility of witnesses is within the sole province of the trial court. *Kembel v. Schlegel*, 329 Pa.Super. 159, 478 A.2d 11 (1984).

*Id.* 385 Pa.Super. at 130, 560 A.2d at 201. " 'Abuse of discretion' is synonymous with a failure to exercise a sound, reasonable, and legal discretion. It is a strict legal term indicating that [an] appellate court is of opinion that there was commission of an error of law by the trial court. It does not imply intentional wrong or bad faith, or misconduct, nor any reflection on the judge but means the clearly erroneous conclusion and judgment—one that is clearly against logic and effect of such facts as are presented in support of the application or against the reasonable and probable deductions to be drawn from the facts disclosed upon the hearing; an improvident exercise of discretion; an error of law." *Commonwealth v. Powell*, Pa. fn. 8, 590 A.2d 1240, 1244 fn. 8 (1991), quoting Black's Law Dictionary, 5th Ed. (1979). Where there is insufficient evidence to support the trial court's order, the judgment is manifestly unreasonable and must be reversed.

■ Our duty in this appeal is to determine whether there is sufficient evidence to support the order of the trial court. "A wife seeking support following a nonconsensual, voluntary vacation from the marital home has the burden of establishing that her husband's conduct justified her in leaving the marital home." *Rock v. Rock, supra* 385 Pa.Super. at 130, 560 A.2d at 201, citing *Larkin v. Larkin*, 262 Pa.Super. 294, 396 A.2d 761 (1978). See also: *Clendenning*

*v. Clendenning,* 392 Pa.Super. 33, 36, 572 A.2d 18, 20 (1990); *Overs v. Overs,* 294 Pa.Super. 191, 193, 439 A.2d 815, 816 (1982); *Commonwealth ex rel. Krug v. Krug,* 224 Pa.Super. 100, 102, 303 A.2d 52, 53 (1973). "A voluntary withdrawal by [a spouse] without adequate legal reason defeats [his or] her right to support." *Martin v. Martin,* 282 Pa.Super. 484, 486, 423 A.2d 6, 7 (1980), quoting *Commonwealth ex rel. Lipschultz v. Lipschultz,* 179 Pa.Super. 527, 530, 117 A.2d 793, 794 (1955).

> The phrase adequate legal cause for leaving is not subject to exact definition. It must be interpreted based on the facts of each case. A spouse who over a period of time suffers psychological oppression may be harmed as much as a spouse who suffers physical injury. The law must recognize this harm and not force the oppressed spouse to remain in the unhappy environment in order to be entitled to support. On the other hand, the law should not impose on a spouse the duty of support where his or her mate departs the marital residence maliciously or casually on whim or caprice.

*Clendenning v. Clendenning, supra* 392 Pa.Super. at 38–39, 572 A.2d at 21. It is unnecessary to a right to be supported that the wife prove grounds for leaving her husband which would constitute grounds for divorce. *Overs v. Overs, supra* 294 Pa.Super. at 193, 439 A.2d at 816. On the other hand, a "mere allegation that cohabitation is unbearable, unsupported by facts or reasons, is not sufficient." *Martin v. Martin, supra* 282 Pa.Super. at 486, 423 A.2d at 7, quoting *Commonwealth ex rel. Lipschultz v. Lipschultz, supra.* See also: *Commonwealth v. Popkin,* 165 Pa.Super. 489, 69 A.2d 160 (1949).

The nature of the proof required to show "adequate legal cause for leaving" is demonstrated by the decided cases. In *Clendenning v. Clendenning, supra,* it was held that a husband's anger and demands that his wife conduct herself in accordance with his wishes, together with his yelling at her and beating his cane on a table, constituted adequate legal cause for leaving. In *Rock v. Rock, supra,* adequate

cause for leaving was found in husband's addiction to alcohol and his erratic and frightening behavior during alcoholic episodes. And in *Loosley v. Loosley*, 236 Pa.Super. 389, 345 A.2d 721 (1975), a husband's knowledge of his wife's psychiatric treatment, together with his conscious attempts to make her nervous and his use of bitter words, including on numerous occasions telling her that he wanted a divorce, were sufficient to provide the wife with legal cause to leave. See also: *Commonwealth ex rel. Cooper v. Cooper*, 183 Pa.Super. 36, 128 A.2d 181 (1956) (husband's excessive control over wife, including refusing to allow her relatives in the house and controlling all financial matters, and his otherwise annoying conduct, provided wife with legal cause to leave); *Commonwealth ex rel. Rovner v. Rovner*, 177 Pa.Super. 122, 111 A.2d 160 (1955) (husband's erratic behavior and constant arguing with wife provided her with legal cause to leave).

Other cases have held a spouse's proof insufficient to establish "adequate legal cause for leaving." Thus, in *Martin v. Martin, supra,* an order awarding spousal support was reversed where the appellee had failed to testify about her reasons for leaving appellant; and in *Commonwealth ex rel. Giamber v. Giamber*, 255 Pa.Super. 111, 386 A.2d 160 (1978), spousal support was denied to a wife who had merely testified that marital differences were irreconcilable and who had diverted her husband's funds into the purchase of a condominium, which she placed in the name of her daughter and herself, where she established a separate home, furnishing it with furniture removed from the common abode. And finally, in *Commonwealth ex rel. Coleman v. Coleman*, 184 Pa.Super. 256, 133 A.2d 307 (1957), spousal support was denied to a wife who had left her husband because he refused to give her two thousand ($2,000) dollars.

In the instant case, the trial court accepted the wife-appellee's reasons for leaving as follows:

"Because I didn't feel that I was treated right. He always screamed at me. I work for my own self. He

never gave me a penny and I left because I made a charge at Kaufmann's for $90.00 and he said I had no right to do that without asking him; that I wasn't to do that. I asked him what my rights were and he said to just drive the car. I left. I called my attorney and then I had an appointment and then I left."

There was also evidence that on one occasion, following an argument, appellant had pushed his wife with such force that she was thrown across their family room. This, however, was denied by appellant. It was also conceded by both parties that appellee had worked during the course of the marriage and had kept her earnings for her personal use. Under these circumstances we conclude that although the issue of legal cause is not free from all doubt, there was sufficient evidence to support the trial court's finding that appellee had adequate legal cause for leaving.

As to the proper amount of support to be paid, the hearing court possesses wide discretion, and unless it appears that the hearing court has abused its discretion, its order will not be disturbed. *Goodman v. Goodman*, 375 Pa.Super. 504, 506, 544 A.2d 1033, 1034 (1988); *Biler v. Biler*, 353 Pa.Super. 49, 52, 508 A.2d 1261, 1263 (1986). However, the amount of a support order must be fair, non-confiscatory, and attendant to the circumstances of the parties. *Boni v. Boni*, 302 Pa.Super. 102, 109, 448 A.2d 547, 550 (1982). "The function of a court in a proceeding for support is not to punish a husband ... but to fix an amount which is "reasonable and proper for the comfortable support and maintenance of ... [his] wife.'" *Commonwealth ex rel. Gitman v. Gitman*, 428 Pa. 387, 395, 237 A.2d 181, 186 (1967), citing *Commonwealth ex rel. Milne v. Milne*, 150 Pa.Super. 606, 29 A.2d 228 (1942).

"When determining the support obligation of a spouse, the trial court must consider income, potential earning capacity and other property and financial resources." *Goodman v. Goodman, supra* 375 Pa.Super. at 508, 544 A.2d at 1035; *Machen v. Machen*, 278 Pa.Super. 135, 137, 420 A.2d 466, 467 (1980). In determining the reasonable

needs of the spouse seeking support and the ability of the obligor to provide support, primary emphasis should be placed on the net incomes and earning capacities of the parties. 23 Pa.C.S.A. § 4322. A person's "earning capacity," is defined not as an amount which the person could theoretically earn, but as that amount which the person could realistically earn under the circumstances, considering his or her age, health, mental and physical condition and training. *Goodman v. Goodman, supra* 375 Pa.Super. at 508, 544 A.2d at 1035, citing *Commonwealth ex rel. Simpson v. Simpson,* 287 Pa.Super. 356, 430 A.2d 323 (1981).

■ In this case, the hearing court made no attempt to determine Rosella's earning capacity. Prior to her separation from Robert she had been employed as a cafeteria worker, earning $7.20 an hour and working steadily for six and one-half hours each day, five days a week. Rosella testified that she is currently in good health and physically able to work, but has not yet found a job in Centre County. The court made no findings with respect thereto and gave no consideration to her earning capacity. Such a determination, however, was necessary to an accurate application of the applicable guidelines.

The trial court's statement that appellee has needs of eight hundred ($800) dollars per month is unsupported by the record. The original record forwarded to this Court contains no evidence of such needs, and appellant's reproduced record contains a copy of a statement by appellee which recites expenses considerably less in amount than that found by the court. We are constrained to agree with appellant's contention, therefore, that the amount of the support order is not supported by the evidence and appears to have been entered without regard for the uniform support guidelines which became effective September 30, 1989. See: Pa.Rules of Civ.Procedure § 1910.16–1. Consequently, we will reverse and remand for a further evidentiary hearing, following which an order should be entered in an

amount required by the circumstances established by the evidence.

Reversed and remanded for further proceedings in accordance with the foregoing Opinion. Jurisdiction is not retained.