## Barger v. Barger

*Dwight C. Harvey,* for plaintiff.
*Gary D. Wilt,* for defendant.

WALKER, *J.,* November 8, 1991—The court has before it a complaint for spouse support. The question before this court is whether the plaintiff, disentitled herself when she left the marital home. The court finds that she did not and makes an appropriate order of support.

### FINDINGS OF FACT

(1) Plaintiff, Helen M. Barger, and defendant, Robert L. Barger, were married on July 2, 1984.

(2) Soon after the couple had married, the defendant began to incessantly speak about killing himself. This was attested to by the plaintiff, family members and friends of the family.

(3) In addition, the family physician, Dr. Harry Johnston, testified to a particular incident in his office, where the defendant threatened to kill himself.

(4) The defendant admits to talking of suicide, but says that the number of times has been exaggerated. He claims these comments are said in jest and in reference to a country-western song. He specifically de-

nied that he ever mentioned suicide in the presence of Dr. Johnston, and that Dr. Johnston is "wrong."

(5) The court accepts as true, Dr. Johnston's version of the incident in question.

(6) On at least one occasion, as witnessed by Paul Neil Jr., the plaintiff's son, defendant attempted to kill himself by attaching a garden hose to the exhaust of his car and getting into the car. This attempt ended when Mr. Neil cut the garden hose.

(7) The defendant denies that he tried to kill himself in the episode mentioned by Mr. Neil, although he does admit that Mr. Neil cut a garden hose at the time. Defendant has no explanation for Mr. Neil's actions.

(8) The court accepts as true, Mr. Neil's version of the incident.

(9) Plaintiff, according to her physician, Dr. Johnston, suffers from various maladies, including depression.

(10) The defendant is aware of plaintiff's condition.

(11) On April 28, 1991, as a result of defendants' constant threats of suicide, plaintiff left the marital home.

(12) While the parties had separated and reconciled on a number of previous occasions, this time there was no reconciliation.

(13) The defendant has offered and continues to offer to take the plaintiff back. However, there is no indication that his constant threats will cease.

(14) Neither party has a job or is capable of working. Plaintiff is 61 years old, and suffers from depression, diabetes and epilepsy. Her physician testified in court that, in his opinion, she is incapable of working. Defendant is 62 years old, and has been adjudged disabled by the Workmen's Compensation Board.

(15) Both parties have fixed incomes. Plaintiff receives $87 every two weeks from the Department of Public Welfare. Defendant receives $399.86 every two weeks in workmen's compensation, and $77.92 per month as pension.

## DISCUSSION

There is no dispute that the plaintiff left the defendant. While the defendant is adamant that he does not know why she left and points out that she has left before, the plaintiff is equally adamant that she had adequate legal grounds to leave. Specifically, the plaintiff stated that it was the defendant's constant threat of suicide which compelled her to leave the home.

The law is clear that a plaintiff's right to support is not extinguished by her withdrawal from the marital home, if she has an adequate legal reason for leaving. *Myers v. Myers,* 405 Pa. Super. 290, 592 A.2d 339 (1991). An adequate legal reason is a general term, but it essentially means "a reasonable cause that would justify her voluntary withdrawal from the common domicile." *Com. ex rel. Loosley v. Loosley,* 236 Pa. Super. 389, 391, 345 A.2d 721, 722 (1975) (citing *Comm. ex. rel. Halderman v. Halderman,* 230 Pa.Super. 125, 128, 326 A.2d 908, 910 (1979)). An adequate legal reason is determined by the court on a case by case basis, although precedent may be helpful in this determination. *Clendenning v. Clendenning,* 392 Pa. Super. 33, 572 A.2d 18 (1990).

In this case the court finds that the defendant's behavior, his ever-constant threats of suicide and his attempt at the same, together with the defendant's awareness of his wife's depression, justified her withdrawal from the marital home. The court finds that the defendant's excuse for his behavior, that it was all a

joke, further condemns his behavior in the court's eyes, as it only leads the court to question the morality of a man who would subject his depression-suffering wife to such abuse.

Case law supports this court's conclusion. *See Myers, supra* (wife established adequate legal cause when husband was constantly screaming at her and didn't support her financially); *Clendenning, supra* (husband's attempt to completely control wife's life, his yelling and beating his cane on the table and constant arguing established adequate legal reasons for wife to leave); *Rock v. Rock,* 385 Pa. Super. 126, 560 A.2d 199 (1989) (plaintiff justified in leaving defendant when, as a result of his drinking, defendant acted in a frightening and erratic manner); *Comm. ex. rel. Loosley v. Loosely, supra.* (Superior Court *en banc,* reversed lower court's refusal to award spouse support, when there was uncontradicted testimony that parties often fought and when defendant, aware of plaintiff's psychiatric disorder, nonetheless engaged in behavior which made the plaintiff quite nervous.)

## AMOUNT

Plaintiff's monthly income is zero.[1] Defendant's monthly income is $876.64. Therefore, under Pa.R.C.P. 1910.16-3, the defendant owes a duty of support of $320 per month.[2] Said order of support is retroactive to the date of the filing of this complaint, Monday,

---

1. While plaintiff does receive money from the Department of Public Welfare such money is not considered income under 23 Pa.C.S. §4302 (1991 Supp.)

2. Rule 1910.16.4 allows this court to award support within 10 percent of the guideline amount without need of further explanation. In this case, the court felt the circumstances justified a slight decrease in the amount awarded.

May 20, 1991, and therefore the defendant is ordered to pay an additional $40 per month on the arrearage.

## ORDER

November 8, 1991, the court finds the defendant owes a duty of support to the plaintiff. The plaintiff receives public assistance and has a monthly income of zero. Defendant has a monthly income of $876.64.

The court orders the defendant to pay support to the plaintiff in the amount of $320 a month. This order is retroactive to the date the complaint was filed, Monday, May 20, 1991. The defendant is ordered to pay an additional $40 per month on account of the arrearage.